58 CCPA
**Application of YAZAKI CORPORATION.**

**Patent Appeal No. 8409.**

United States Court of Customs and Patent Appeals.

March 4, 1971.

John J. McGlew, David Toren, New York City, attorneys of record, for appellant.

S. William Cochran, Washington, D. C., for the Commissioner of Patents, R. V. Lupo, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and NEWMAN, Judge, United States Customs Court, sitting by designation.

NEWMAN, Judge.

Yazaki Corporation appeals from the decision of the Trademark Trial and Appeal Board [1] affirming the examiner's refusal to register the following trademark [2] on the Principal Register:

 **ARROW BRAND**

[A36963]

The issue is whether appellant's mark "so resembles a mark registered in the Patent Office * * * as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive * * *." 15 U.S.C. § 1052(d). The examiner and board cited the previously registered mark "Arrow '102' ",[3] observed that the goods of the respective parties would normally be sold in automobile accessories stores for use on automobiles, and concluded that confusion or mistake as to source would be likely. The board stated:

Considering the marks, it is apparent that the word "ARROW" is the essential feature of applicant's mark and it is not seen how the number "102" or the auxiliary features of applicant's

mark can serve to distinguish between these marks. Further, the mere fact that various other parties have registered the word "ARROW" is insufficient to show that this word is in common usage as a trademark. * * *

It is concluded that applicant's mark so resembles "ARROW '102' " that, as applied to applicant's goods there would be a likelihood of confusion or mistake.

Appellant's arguments here—that the goods, channels of trade, potential consumers and the marks themselves are totally dissimilar, and that the "ARROW" component of the two marks is a "weak" mark entitled to little scope of protection—are but a reiteration of those urged below and fully considered by the board. We have considered those arguments and the cited cases, including Arrow Distilleries, Inc. v. Globe Brewing Company, 117 F.2d 347 (4th Cir.1941), but are not persuaded there is reversible error in the decision below. The board's finding that the channels of trade and class of purchasers would ordinarily be the same, uncontradicted by any evidence to the contrary, seems wholly reasonable. We are satisfied that the respective marks bear sufficiently close resemblance in appearance, sound and connotation that, when applied to goods of this sort in the automotive field, confusion or mistake as to origin of the goods is likely. Accordingly, the decision is affirmed.

Affirmed.

1. Opinion abstracted at 157 USPQ 714.

2. Appearing in application serial No. 224,995, filed August 4, 1965, asserting first use of the mark on the goods in commerce in March 1965. As recited in the application, the mark is applied to various automotive gauges and meters, such as oil pressure and water temperature gauges, voltmeters and ammeters, electric tachometers, cam dwell testers, coil testers, alternator diode and ignition cable testers, idle tachometers, compression

testers, engine vacuum and fuel pump testers, timing lights, regulator-generator testers and sending units for temperature gauges.

3. Registration No. 751,564, issued June 25, 1963. It appears from the record that the mark is applied to various internal combustion engine components, such as generators, starter motors, starter motor drives, armatures, solenoids, and field coils.